# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| YONGJIAN WANG,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>    Defendants. | Case No. 24-cv-759<br>Judge Martha M. Pacold |

## ORDER

For the reasons described below, plaintiff's motion for leave to amend the complaint, [9] is granted to the extent that it seeks leave to file an amended complaint that does not assert claims under U.S. Patent No. D994376 (the "D'376 Patent"). However, the dismissal of plaintiff's claims under the D'376 Patent only partially resolves the issues of improper joinder in this case. Although plaintiff's claims asserted under plaintiff's other patent, U.S. Patent No. D994362 (the "D'362 Patent"), are all asserted under the same patent, a review of plaintiff's submissions reveals that plaintiff's claims under the D'362 Patent do not all involve "the same accused product." *See* 35 U.S.C. § 299(a)(1). The court therefore finds that joinder is improper with respect to those claims as well. If plaintiff believes plaintiff can correct the deficiencies identified in this order, plaintiff may file by May 10, 2024 an amended complaint that asserts only claims that involve "the same accused product," without the types of differences identified within this order. If plaintiff does not file an amended complaint, this suit will be dismissed without prejudice. If plaintiff elects to file an amended complaint, plaintiff should simultaneously file a status report indicating whether plaintiff would prefer to have its claims severed or dismissed without prejudice in the event the court determines that plaintiff's amended complaint still fails to establish that joinder is proper. All other deadlines in this case are stayed. Plaintiff's pending motions for a temporary restraining order [7] and for leave to file under seal, [5], [6], are stricken without prejudice to refiling.

## STATEMENT

In patent cases, 35 U.S.C. § 299 limits joinder to claims based on "the same accused product" and specifically provides that "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(a)–(b). That section provides in full:

(a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling *of the same accused product or process*; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) Allegations Insufficient for Joinder.—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, *based solely on allegations that they each have infringed the patent or patents in suit*.

(c) Waiver.—A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299 (emphases added).

Plaintiff filed this action against 116 defendant online storefronts, alleging that the defendants' dining chairs or barstools infringe two of plaintiff's design patents. [1]. After reviewing plaintiff's filings, the court ordered plaintiff to show cause why this case should not be dismissed for failure to comply with the joinder restrictions in 35 U.S.C. § 299. [8]. In response, plaintiff filed a motion seeking leave to amend the complaint to dismiss plaintiff's claims under the D'376 Patent so that plaintiff could proceed only on plaintiff's claims under the D'362 Patent. [9].

2

Plaintiff's motion, [9], recognizes that the dining chairs covered by plaintiff's claims under the D'376 Patent are not "the same accused product" as the various barstools that are the subjects of plaintiff's claims under the D'362 Patent. Dismissal of plaintiff's claims under the D'376 Patent would therefore remove improperly joined claims from this suit, and plaintiff's motion, [9], is therefore granted.

The dismissal of plaintiff's claims under the D'376 Patent is only a partial solution to the improper joinder in this case, however, as the court is also not persuaded that plaintiff's claims under the D'362 Patent all involve "the same accused product." The court's review of plaintiff's filings and exhibits reveals that, although many of the defendants' barstools share some common features, there are numerous substantial differences between them. Perhaps most significantly, although many of the defendants' barstools exhibit some similarity in the design of the seat and backrest, the bases of many of the barstools vary widely. Some of the barstools have legs; others are supported by a single, central column with a wide base. Even considering only the barstools with legs or only the barstools with a central column, the bases of the barstools within each subcategory still vary with respect to their width, height, materials, and shapes. Even narrowing the court's examination to just those barstools with a central column that appear to have a swiveling capability, some differences remain—such as the presence, placement, or shape of either a footrest or what looks to be a handle for adjusting the height of the barstool. Moreover, in addition to these more obvious differences in the bases of the barstools, even the seats and backrests of some barstools appear to contain some variances in the amount of cushioning present, the size of the backrest and seat, and possibly the materials used in the construction of the barstools.

It may well be the case, as plaintiff contends in plaintiff's motion, that "[a]t least Defendant Nos. 3, 5, 6, 12, 14, 15, 18, 22, 24, 25, 26, 28, 24, 35, 47, 50, 51, 52, 58, 61, 65, 66, 70, 71, 73, 78, 79, 81, 82, 83, 86, 88, 90, 93, 99, 103, and 105 all sell a swivel bar chair whose back cushioning exactly embodies the 'D362 Patent." [9] at 2. And it may well be true that each listed defendant's product infringes plaintiff's D'362 Patent. But even assuming that these statements are true, they do not establish that defendants' products are "the same accused product" within the meaning of § 299(a)(1). Indeed, as § 299(b) explicitly cautions, "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b). Because that appears to be precisely what plaintiff has done in this case, the court finds that the defendants are not properly joined in this suit.

Generally, the appropriate remedies for misjoinder are dismissal without prejudice or severance. Fed. R. Civ. P. 21; *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). Severance would result in separate actions, and plaintiff would be required to pay the filing fee for each action. *See Taylor v. Brown*, 787 F.3d 851, 858 n.8 (7th Cir. 2015) ("The clerk . . . shall require the parties instituting any civil action, . . . whether by original process, removal *or otherwise*, to pay a filing fee . . . ." (emphasis in original) (quoting 28 U.S.C. § 1914(a))); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately."); *Tatum v. Henderson*, No. 19-C-1591, 2020 WL 3051536, at *1 (E.D. Wis. June 8, 2020).

Here, plaintiff has at least partially recognized the impropriety of the joinder in this suit and has sought leave to amend the complaint. *See* [9]. For this reason, the court declines to either dismiss or sever the claims in this suit at this time. If plaintiff believes that plaintiff can identify a subset of plaintiff's claims that truly involve "the same accused product" and that do not contain the sorts of differences identified above, plaintiff may file an amended complaint by May 10, 2024. If plaintiff does not file an amended complaint, this suit will be dismissed without prejudice. If plaintiff elects to file an amended complaint, plaintiff should simultaneously file a status report indicating whether plaintiff would prefer to have its claims severed or dismissed without prejudice in the event the court determines that plaintiff's amended complaint still fails to establish that joinder is proper. All other deadlines in this case are stayed. Plaintiff's pending motions for a temporary restraining order [7] and for leave to file under seal, [5], [6], are stricken without prejudice to refiling.

Date: April 24, 2024                    /s/ Martha M. Pacold